IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ONEPLUS TECHNOLOGY (SHENZEN) CO., LTD.,<br><br>    Defendant. | Case No. 4:18-CV-701 |

**ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD. MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") hereby specially appears for the sole purpose of moving to dismiss the Complaint of plaintiff American Patents LLC ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process. In the alternative, OnePlus moves to quash Plaintiff's attempted service on the Texas Secretary of State.

**I.    INTRODUCTION**

Plaintiff has attempted service on OnePlus, a Chinese corporation, by service on the Texas Secretary of State. Plaintiff has not indicated that it has made any attempt to effectuate service on OnePlus through the Hague Convention. Under this Court's precedent, Plaintiff's attempt at "substituted service" is ineffective. Therefore, the complaint should be dismissed, or in the alternative, Plaintiff's attempt at service should be quashed with an instruction that Plaintiff must serve OnePlus pursuant to the Hague Convention.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4(h) governs the service of domestic and foreign corporations. When service is attempted on a corporation "at a place not within any judicial district of the United States," service is accomplished in "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).  Rule 4(h)(1).  Rule 4(f) first provides for foreign service "by any internationally agreed means . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents...." Fed. R. Civ. P. 4(f)(1).

Texas law allows for "substituted service" of nonresident parties under TEXAS CIVIL PRACTICE & REMEDIES CODE § 17.044, which provides that "[t]he secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party." *Id*. at 17.044(b). "If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided." *Id*. § 17.045(a). "One copy of the petition and citation will be forwarded by registered or certified mail, as appropriate under the particular statute under which service is being made, to the person named at the address provided." 1 TEX. ADMIN. CODE § 71.21 (2012).

This Court has made clear that where a document must be served on a party located abroad, the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention") applies. *See Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-cv-287, 2012 WL 12903085, at *2 (E.D. Tex. 2012) ("Because

2

substituted service on the Texas Secretary of State for a nonresident defendant requires the transmittal of judicial documents abroad, the Hague Convention is implicated.") (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988)). By its terms the Hague Convention applies to "all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention Art. I.

### III. STATEMENT OF FACTS

Plaintiff alleges that defendant OnePlus is a corporation "existing under the laws of the People's Republic of China" and with an address in Shenzhen, China. Dkt. 1, ¶ 2. Plaintiff also contends that venue is proper by citing 28 U.S.C. § 1391(c)(3), which applies to "defendant[s] not resident in the United States." *Id.* at ¶ 5.

Plaintiff purports to have served OnePlus through service on the Texas Secretary of State. Dkt. 10. The proof of service filing furnished to the Court only includes the address of the Texas Secretary of State, and does not include the address that plaintiff alleges in its complaint is that of OnePlus. Dkt. 10; Dkt. 1, ¶ 2. Plaintiff has not provided any indication that it has attempted any service other than by serving its complaint on the Texas Secretary of State. *See* Dkt. 10.

### IV. ARGUMENT

Plaintiff has not properly effectuated service on OnePlus, and therefore service is ineffective such that dismissal is appropriate under Rule 12(b)(5). In the alternative, the Court should quash Plaintiff's attempted service with instructions to effectuate service on OnePlus under the Hague Convention.

    **A.**    **Plaintiff's Attempt to Serve a Resident of China Through the Texas Secretary of State Triggers the Hague Convention**

Plaintiff makes no allegation that OnePlus is a resident of Texas or the United States, nor that OnePlus has an agent for service of process in the United States. *See* Dkt. 1, ¶ 2. The

purported service therefore must be based on TEX. CIV. PRAC. & REM. CODE § 17.044(b)'s provisions for service on a nonresident.

As noted above, Texas law provides that the Secretary of State "is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in [Texas] or a designated agent for service of process, in any proceeding that arises out of the business done in [Texas] and to which the nonresident is a party." *Macrosolve,* 2012 WL 12903085, at *1 (quoting TEX. CIV. PRAC. & REM. CODE § 17.044(b)). "Substituted service of process upon the Texas Secretary of State requires that the Secretary send notice of the complaint to the nonresident." *Id*. at *2 (*citing* TEX. CIV. PRAC. & REM. CODE ANN. § 17.045(a) (West 2011); 1 TEX. ADMIN. CODE § 71.21(b) (2018)). Such service is only effective, and a Certificate of Service only can issue, after receipt by the Texas Secretary of State of a postal mail receipt indicating whether the forwarded notice was received. *Id*. (citing 1 TEX. ADMIN. CODE § 71.21(c) (2018)).

As has previously been held by this Court, a plaintiff's "substituted service on the Texas Secretary of State triggered the Hague Convention because the Secretary is required to transmit judicial documents abroad as part of the service of process." *Id*. . This is consistent with the holdings of other Texas courts. *See*, *e.g.*, *Alternative Delivery Solutions, Ind. v. Donnelley & Sons Co.*, No. Civ. 05-CA-0172, 2005 WL 1862631, at *2 (W.D. Tex. 2005) ("Thus, service via the Texas Secretary of State is insufficient because it requires service by mail, which fails to comply with the Hague Convention under Fifth Circuit law."); *see also Nocando Mem Holdings, Ltd. v. Credit Commercial de France, S.A.*, No. Civ.A.SA-01-1194-XR, 2004 WL 2603739, at *5 (W.D. Tex. Oct. 6, 2004).

**B.     Plaintiff Cannot Serve OnePlus by Mail Because The People's Republic of China Has Objected to Hague Convention Provisions for Service by Mail**

The United States of America is a signatory to the Hague Convention, as is the People's Republic of China. *See Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 565 (S.D.N.Y. 2013) ("As both the United States and China are signatories to the Hague Convention, that pact governs service of process by transmittal of documents abroad in this case.").

In its ratification of the Hague Convention, the People's Republic of China objected to those sections that allow for service by mail. *Id.* at 567 ("the Hague Convention allows for service through 'postal channels,' but only if 'the State of destination does not object.'. . . China has objected."); *see also* Declarations Notifications, Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn (last accessed Oct. 22, 2018) ("[China] oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention."). As a federal treaty the Hague Convention "preempts inconsistent methods of service prescribed by state law in all cases to which it applies." *Schlunk*, 486 U.S. at, 699. Therefore, any attempt by Plaintiff to serve OnePlus by mail would violate the Hague Convention.

The Supreme Court recently held that the Hague Convention does not expressly prohibit service by mail. *See Water Splash, Inc. v. Menon*, 581 U.S. ___, No. 16-254, (2017). In so doing it reaffirmed, however, "this does not mean that the Convention affirmatively *authorizes* service by mail." *Id.*, slip op. at 12. Rather, for service by mail to be available, two conditions must be met: "[F]irst, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* (citing *Brockmeyer v. May*, 383 F.3d 798, 803–804 (9th Cir. 2004)).

Because the People's Republic of China has objected to service by mail, the necessary conditions set out by the Supreme Court for service by mail are not met, and *Water Splash* did nothing to change the established law that service on the Texas Secretary of State does not avoid the need for a plaintiff to comply with the Hague Convention in order to properly effect service. Thus, in the instant case, Plaintiff's attempt at substituted service is ineffective because China has specifically objected to service by mail.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed under Rule 12(b)(5) for insufficiency of process. In the alternative, the Court should quash Plaintiff's attempt of service and direct it to serve OnePlus in a manner consistent with the Hague Convention.

Dated: November 26, 2018

Respectfully submitted,

By: /s/ Clyde M. Siebman
Clyde M. Siebman
SIEBMAN FORREST
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
(903) 870-0070 (office)
(903) 870-0066 fax
clydesiebman@siebman.com

*Attorneys for OnePlus Technology (Shenzhen) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 26th day of November, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ Clyde M. Siebman
Clyde M. Siebman